UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      CASE No. 8:04-CV-339-T-17TGW

DAVID MARVIN SWANSON, etc.,

    Defendant.
_____:

REPORT AND RECOMMENDATION

This cause came on to be heard upon Plaintiff United States of America's Motion for Default Judgment for Defendant's Failure to Obey Discovery Order (Doc. 44). Because the defendant has failed to respond to the motion and failed to appear at a hearing scheduled on the motion, I recommend that the motion be granted; that the defendant's answer be stricken; and that default be entered against him.

The Government's motion sets out in detail the defendant's failure to cooperate in connection with the discovery process in this case. In particular, an order was entered on July 12, 2006, directing the defendant to provide his initial Rule 26(a), F.R.Civ.P., disclosures, and to respond to the Government's interrogatories and production requests. The defendant did not comply with that

order. The matter was then scheduled for a hearing on October 13, 2006, in light of those failures. The Government appeared at the hearing, but the defendant did not.

The defendant has totally failed to comply with the discovery process in this case. The Government's memorandum explains in detail why the sanction of a default judgment is warranted under these circumstances. I agree with the reasoning in that memorandum and recommend that the defendant's answer be stricken and that default be entered against him.

It is appropriate to add that, at the hearing, I advised the Government attorney that any proposed injunction should be specific and should not simply broadly enjoin the defendant to comply with the law. An "obey the law" injunction is subject to being challenged for not being sufficiently specific. See Rule 65(d), F.R.Civ.P.

Respectfully submitted,

DATED: OCTOBER 16, 2006

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).